Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/22/2017 09:09 AM CDT

Paula M. Crozier, appellant,
v. Brownell-Talbot School,
a Nebraska nonprofit
corporation, appellee.

___ N.W.2d ___

Filed August 22, 2017.    No. A-16-202.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
2. **____: ____.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.
3. **Contracts.** Whether a contract is ambiguous is a question of law.
4. **Appeal and Error.** An appellate court resolves questions of law independently of the conclusions reached by the trial court.
5. **Contracts: Words and Phrases.** A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.
6. **Contracts.** When a court has determined that ambiguity exists in a document, an interpretative meaning for the ambiguous word, phrase, or provision in the document is a question of fact for the fact finder.
7. **Contracts: Parol Evidence.** A written instrument is open to explanation by parol evidence when its terms are susceptible to two constructions or where the language employed is vague or ambiguous.
8. **Contracts: Juries: Courts.** When the terms of a contract are in dispute and the real intentions of the parties cannot be determined from the words used, the jury, and not the court, should determine the issue from all the facts and circumstances.

- 2 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
CROZIER v. BROWNELL-TALBOT SCHOOL
Cite as 25 Neb. App. 1

9. **Contracts: Summary Judgment.** When it is established that a contract is ambiguous, the meaning of its terms is a matter of fact to be determined in the same manner as other questions of fact which preclude summary judgment.

10. **Termination of Employment.** Unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason.

11. **Employment Contracts: Termination of Employment: Good Cause.** A contract for employment for a defined term cannot lawfully be terminated prior to the expiration of that term without good cause.

12. **Termination of Employment: Good Cause: Words and Phrases.** "Good cause" for an employee's dismissal is that which a reasonable employer, acting in good faith, would regard as good and sufficient reason for terminating the employee's services, as distinguished from arbitrary whim or caprice.

13. **Termination of Employment: Good Cause.** Whether good cause existed for discharging an employee is a question of fact.

14. **Trial: Evidence.** Where the facts are undisputed or are such that reasonable minds can draw but one conclusion therefrom, a question can be determined as a matter of law.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Reversed and remanded for further proceedings.

Justin D. Eichmann, of Houghton, Bradford & Whitted, P.C., L.L.O., for appellant.

Kathryn A. Dittrick, Sarah L. McGill, and Rhianna A. Kittrell, of Fraser Stryker, P.C., L.L.O., for appellee.

INBODY, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Paula M. Crozier appeals the order of the district court for Douglas County which granted summary judgment in favor of Brownell-Talbot School (Brownell). We conclude that genuine issues of material fact preclude the entry of summary judgment and therefore reverse the district court's order and remand the cause for further proceedings.

## BACKGROUND

Crozier resigned from her position as executive director of a nonprofit organization in March 2014, and shortly thereafter applied for the position of director of communications and marketing at Brownell. She participated in two rounds of interviews, including one telephone interview and one inperson interview. During the inperson interview, she was asked why she left her last employment. Crozier responded that she left "due to differences in business practices and ethical standards." Brownell subsequently offered the position to Crozier and sent her an offer letter, which she was to sign and return prior to starting work.

The offer letter stated, "It is with great pleasure that I offer you the position of Director of Communications and Marketing." The letter further stated, "This position is considered a twelve-month position beginning May 5, 2014 to June 30, 2015 with an annual salary of $55,000.00." The letter referenced various benefits, such as sick days, insurance, and retirement, some of which were to take effect after 2 years of employment.

Brownell sent the offer letter to Crozier on April 28, 2014. She signed it the following day and returned it. On May 1, Brownell announced to its community, including parents and board members, that it had hired Crozier. In the announcement, Brownell mentioned Crozier's prior executive director position.

On May 2, 2014, a newspaper article was published concerning problems facing Crozier's former employer. Among the issues mentioned were billing and management problems, as well as the failure to adequately respond to an allegation of sexual abuse by an employee. The newspaper article did not include specific dates of the incidents involved nor did it mention Crozier's name.

Crozier brought the article to the attention of her direct supervisor who then delivered it to Brownell's head of school. The head of school called a meeting with Crozier the same

- 4 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROZIER v. BROWNELL-TALBOT SCHOOL
Cite as 25 Neb. App. 1

day. In the meeting, Crozier explained that she was not responsible for any of the issues mentioned in the article and that she had resigned prior to the incident involving alleged sexual abuse by an employee. She further informed the head of school that she had resigned from her former employment after discovering the improprieties mentioned in the news article and reporting them to the attorney general and the Department of Health and Human Services. Later that day, Brownell made the decision to "retract" the offer to Crozier, citing public relations concerns and damage to its reputation as a result of hiring Crozier.

Crozier filed a complaint against Brownell for breach of contract. She subsequently filed a motion for partial summary judgment, and Brownell filed a cross-motion for summary judgment. After a hearing, the district court granted Brownell's motion for summary judgment and dismissed the complaint, finding that the durational terms in the letter were ambiguous and that there was no clear intent sufficient to overcome the presumption of at-will employment. The district court further found that Brownell had good cause to revoke the offer. Crozier now appeals.

## ASSIGNMENTS OF ERROR

Crozier assigns that the district court erred in (1) failing to determine she had established a contract of employment with Brownell, (2) determining that the parties' contract failed to overcome any presumption of at-will employment, (3) determining that the terms of the parties' contract were ambiguous, (4) determining that good cause existed for terminating the contract, and (5) failing to determine that Brownell breached its contract of employment with her.

## STANDARD OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as

- 5 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROZIER v. BROWNELL-TALBOT SCHOOL
Cite as 25 Neb. App. 1

to any material facts or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *O'Brien v. Bellevue Public Schools*, 289 Neb. 637, 856 N.W.2d 731 (2014). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

*Contract of Employment.*

Crozier's first three assignments of error focus on the effect of the offer letter. The district court concluded that the letter was insufficient to establish a clear intent to enter into an employment contract for a defined term; therefore, Crozier was hired as an at-will employee. Specifically, the court stated:

> The language of the offer letter states it is a "twelve-month position beginning May 5, 2014 to June 30, 2015 with an annual salary of $55,000.00" and also references certain benefits that will apply after two years of employment. The Court finds these terms are ambiguous, as they can be interpreted in more than one way. Thus, there was no meeting of the minds nor clear intent sufficient to overcome the presumption of at-will employment.

While we agree that the terms of the offer letter are ambiguous as to the duration of Crozier's employment, we disagree with the district court's conclusion that the ambiguity in duration provided a basis upon which to grant Brownell's motion for summary judgment.

[3-5] Whether a contract is ambiguous is a question of law. *Davenport Ltd. Partnership v. 75th & Dodge I, L.P.*, 279 Neb. 615, 780 N.W.2d 416 (2010). An appellate court resolves questions of law independently of the conclusions reached by the trial court. See *id.* A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of,

- 6 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROZIER v. BROWNELL-TALBOT SCHOOL
Cite as 25 Neb. App. 1

at least two reasonable but conflicting interpretations or meanings. *David Fiala, Ltd. v. Harrison*, 290 Neb. 418, 860 N.W.2d 391 (2015). Here, we find that the terms of the contract are facially ambiguous. Specifically, we note the offer letter references a "twelve-month position" and an "annual salary" but also gives a term of employment from May 5, 2014, to June 30, 2015. No reading of this letter on its face can reconcile these conflicting durations, which stand in direct contradiction of one another. Such conflict renders it uncertain whether the parties intended the duration of the position to be 12 months or 14 months.

[6,7] When a court has determined that ambiguity exists in a document, an interpretative meaning for the ambiguous word, phrase, or provision in the document is a question of fact for the fact finder. *Davenport Ltd. Partnership v. 75th & Dodge I, L.P., supra.* A written instrument is open to explanation by parol evidence when its terms are susceptible to two constructions or where the language employed is vague or ambiguous. *Id.*

Brownell's director of business and finance testified via deposition that the reference to a 12-month position was to differentiate the position "from other staff that during a school year are only 10-month employees or 9-month employees." He further testified that the reference to the annual salary was for purposes of determining her monthly rate of pay; in other words, "the [$]55,000 would be divided into twelfths and would be paid every month based on that, but for a term from May of 2014 through June of 2015, that would actually be 14 months."

[8,9] If the fact finder were to accept these explanations, it presumably could determine that the letter extended an offer of employment for a definite term of May 5, 2014, to June 30, 2015, at a specific rate of pay, thereby finding that Crozier was hired for a definite term. But determining how ambiguous terms are to be interpreted is beyond the province of a court on a summary judgment motion. When the terms of a

- 7 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
CROZIER v. BROWNELL-TALBOT SCHOOL
Cite as 25 Neb. App. 1

contract are in dispute and the real intentions of the parties cannot be determined from the words used, the jury, and not the court, should determine the issue from all the facts and circumstances. *Schwindt v. Dynamic Air, Inc.*, 243 Neb. 600, 501 N.W.2d 297 (1993). When it is established that a contract is ambiguous, the meaning of its terms is a matter of fact to be determined in the same manner as other questions of fact which preclude summary judgment. *Id*.

Because a fact question exists as to the terms of the offer letter, we reverse the trial court's order granting summary judgment on this issue.

*Good Cause for Revoking Offer.*

Crozier claims that the district court erred in finding that, even if the offer letter did constitute a contract for a definite term, Brownell had good cause to revoke such offer. She argues that Brownell's only justification for the revocation was public relations concerns due to the news article that was published about her former employer. However, the article did not identify Crozier, and the dates referenced in the article were after she had resigned. She claims that there is no allegation that she personally had engaged in any misconduct that could reflect poorly upon Brownell. Additionally, she claims that the district court's ruling held her accountable for the bad acts of others which were unrelated to her and not within her control.

We have already determined that a genuine issue of material fact exists as to whether Crozier was hired for a definite term. This court could only affirm and find summary judgment appropriate for Brownell if we could say, as a matter of law, that the offer was revoked for good cause, thereby nullifying the issue of whether the contract was for at-will employment or for a defined term. Based upon the record before us, we are unable to do so.

[10-13] Under Nebraska law, there is a distinction between at-will employment and employment for a defined term. Unless

- 8 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
CROZIER v. BROWNELL-TALBOT SCHOOL
Cite as 25 Neb. App. 1

constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason. *Trosper v. Bag 'N Save*, 273 Neb. 855, 734 N.W.2d 704 (2007). A contract for employment for a defined term cannot lawfully be terminated prior to the expiration of that term without good cause. See *Schuessler v. Benchmark Mktg. & Consulting*, 243 Neb. 425, 500 N.W.2d 529 (1993). "Good cause" for an employee's dismissal is that which a reasonable employer, acting in good faith, would regard as good and sufficient reason for terminating the employee's services, as distinguished from arbitrary whim or caprice. See *id*. Whether good cause existed for discharging an employee is a question of fact. *Id*.

[14] As discussed above, summary judgment is proper only when the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *O'Brien v. Bellevue Public Schools*, 289 Neb. 637, 856 N.W.2d 731 (2014). Where the facts are undisputed or are such that reasonable minds can draw but one conclusion therefrom, a question can be determined as a matter of law. See *Pierce v. Landmark Mgmt. Group*, 293 Neb. 890, 880 N.W.2d 885 (2016).

Here, reasonable minds could draw conflicting conclusions as to whether Brownell revoked its offer of employment for good cause. Brownell stated its reason for revoking its offer was because it was concerned that "the issues with her prior employer would cause public relations concerns and harm to the reputation" of Brownell. But Crozier presented evidence that the news article did not implicate or involve her. According to Crozier, she explained to Brownell that the article identified the very issues that caused her to resign from her prior employment and that she had, in fact, filed "whistle-blowing" complaints against the organization. She also explained that the alleged abuse occurred after she had resigned.

Viewing the evidence in the light most favorable to Crozier, we find that reasonable minds could differ as to whether Brownell revoked its offer for good cause. Therefore, we determine that summary judgment on this issue was inappropriate.

Because there are genuine issues of material fact regarding Crozier's employment status and whether good cause existed for the offer revocation, summary judgment is improper for either party. Due to these factual questions, we disagree with Crozier that the court erred in failing to grant partial summary judgment in her favor.

## CONCLUSION

We conclude that the district court erred in granting summary judgment in favor of Brownell. We therefore reverse the order of the district court and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.